UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUSTIN AGUAYO | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CA No. 05-1580  (EGS) |
| | ) |
| DR. FRANCIS J. HARVEY, | ) |
|   SECRETARY OF THE ARMY | ) |
|     Respondent. | ) |
| | ) |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION
### FOR LEAVE TO FILE REBUTTAL

    Petitioner offers three basis for its motion for leave to file a rebuttal.  All are meritless and Petitioner's Motion should be denied.  Additionally Petitioner's request that the Court hold an evidentiary hearing ignores the standard of review applicable in a Conscientious Objector case.

    Petitioner argues that "As the party moving for relief, the petitioner's traverse is normally the final pleading in a military conscientious objector habeas proceeding."  However, the parties in the instant case filed a joint motion for a briefing schedule, calling for an initial response by Respondent, an opposition by Petitioner and a reply by Respondent.  Petitioner did not seek a rebuttal at the time and should not be allowed to argue for one now without good cause.

    Petitioner's proffered reasons for filing the proposed rebuttal do not show good cause.  Petitioner alleges "[t]he respondent filed the affidavit of LTC Sinclair to contradict unrebutted evidence in the record."  Respondent filed the declaration of LTC Sinclair to rebut false allegations made by Petitioner in his traverse, namely that "[e]very officer who actually

interviewed Mr. Aguayo concerning his conscientious objector beliefs found him to be sincere" and "Lt. Col. Sinclair never interviewed Mr. Aguayo concerning his beliefs; he offered no basis for his comments."  Traverse p. 7,8.  These statements were false and misleading.  Petitioner's claim that this was "unrebutted evidence" is disingenuous.  The statements at issue are nothing more than unsubstantiated factual assertions by Petitioner.  The fact that interviews by the chain of command are not made a part of the administrative record is hardly evidence that the interviews did not take place.  LTC Sinclair's declaration was offered to rebut these false allegations.

     Respondent's reply addressed the arguments made by Petitioner and did not introduce new issues.  Petitioner tries to justify its request for rebuttal by alleging that the Respondent offered new allegations that the DACORB has expertise and that the traverse contradicted Petitioner's application.  Both of these points were raised in response to arguments made by Petitioner, and Respondent's original motion outlined the Army's Conscientious Objector procedures and addressed the deference due the DACORB.

     Petitioner's request for an evidentiary hearing is misplaced.  Review of a denial of conscientious objector status is reviewed under the "basis in fact" standard.  <u>United States ex rel. Barr v. Resor</u>, 443 F.2d 707, 708 (D.C. Cir. 1971).  On judicial review, the Court does not weigh the evidence or test whether substantial evidence supports the military's position.  <u>Witmer v. United States</u>, 348 U.S. 375, 380-81 (1955).  Instead, the court must "search the [administrative] record for some affirmative evidence to support the local board's overt or implicit finding."  <u>Dickinson v. United States</u>, 346 U.S. 389, 396 (1953).   This standard is incompatible with an evidentiary hearing.  If the Court determines from the administrative record that there was no

basis in fact for the DACORB to deny Petitioner's application, the proper procedure would be to remand the application to the DACORB with guidance on what is required. See <u>United States ex rel. Coates v. Laird</u>, 494 F.2d 709, 711 (4th Cir. 1974).

                              Respectfully Submitted,

                              _____
                              KENNETH L. WAINSTEIN., D.C. Bar #451058
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS D.C. Bar No. 434122
                              Assistant United States Attorney

                              _____
                              KEVIN K ROBITAILLE
                              Special Assistant U.S. Attorney
                              555 Fourth Street, N.W., 10th Floor
                              Washington, D.C. 20530
                              (202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR CHRISTOPHER P. SOUCIE
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
703-696-1626