UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGUSTÍN AGUAYO, | : | |
| Petitioner, | : | |
| v. | : | No. 05-1580 (EGS) |
| DR. FRANCIS J. HARVEY,<br>Secretary of the Army, | : | |
| | : | |
| Respondent. | | |

PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION
TO PETITIONER'S MOTION FOR LEAVE TO FILE REBUTTAL

The petitioner, Agustín Aguayo, has moved this Court for leave to file a "rebuttal" to respondent's reply to petitioner's traverse to respondent's opposition to petition for a writ of habeas corpus, and for a hearing.  In opposition, the respondent claims that the petitioner is being "disingenuous" when he states in his motion that "The respondent filed the affidavit of LTC Sinclair to contradict unrebutted evidence in the record."  *See* Army opp. 2.  The petitioner was not being "disingenuous"; his filings accurately describe what is in the Administrative Record.  The record contains Agustín Aguayo's rebuttal to recommendations that his application for discharge be denied.  In that rebuttal, Mr. Aguayo stated that no officer who had interviewed him about his conscientious objector beliefs had found him to be insincere.  *See* AR 0112.  If the DACORB had wanted to, it could have returned the case to the investigating officer to determine whether any officer who recommended denial of Mr. Aguayo's application had interviewed him concerning his conscientious

- 1 -

objector beliefs.  *See* AReg 600-43 ¶ 2-6.*e*.  But it did not.  Because it did not, Mr. Aguayo's statement (which is in the record) that no officer who recommended denial of his application had interviewed him concerning his conscientious objector beliefs remains unrebutted.  While the Army has proffered new evidence that at least one officer who recommended denial *had* interviewed Mr. Aguayo concerning his beliefs, because that affidavit is not part of the record, this Court may not consider it.  The petitioner has argued that if this Court is inclined to expand the record by considering LTC Sinclair's affidavit, then it should permit Mr. Aguayo to testify with respect to this or any other issue affecting his claim.  In opposition, the respondent reminds the Court that it must determine this case based on the Administrative Record.  Army opp. 2.  Petitioner Aguayo agrees that the Court should limit itself to the Administrative Record.  If the Court agrees to consider LTC Sinclair's affidavit, it would by definition have decided *not* to limit its consideration of this case to the Administrative Record.  In that event, the Court should also permit the petitioner to expand the record.  It is the respondent's one-sided argument to the contrary that is disingenuous.

    While the petitioner's request for an *evidentiary* hearing was conditioned on the hypothesis that the Court may determine that it could expand the record, the petitioner's request for a hearing where counsel would argue the merits of the case was not.  Because petitions for writ of habeas corpus seeking discharge from the military based on conscientious objection are rare, the peti-

tioner believes that the Court's ability to resolve the case would benefit from such a hearing.

## CONCLUSION

For these reasons, as well as for the reasons discussed in the petitioner's motion for leave to file a rebuttal, this Court should order the clerk to file the tendered rebuttal instanter, as well as to schedule a hearing at which the parties may argue their positions to the Court.  Should this Court determine that it may consider any factual assertions outside the formal Administrative Record, then it should also schedule an evidentiary hearing.  Following that hearing, the Court should issue a writ of habeas corpus ordering the respondent to discharge the petitioner honorably as a conscientious objector forthwith.

Respectfully submitted,

Dated:  June 9, 2006

LOCAL COUNSEL:

s/ *James R. Klimaski*
JAMES R. KLIMASKI
(DC Bar No. 243543)
KLIMASKI & ASSOCIATES, P.C.
1819 L Street, NW, 7th Floor
Washington, DC  20036-3830

  (202) 296-5600
  (202) 296-5601 (facsimile)
  Klimaski@Klimaskilaw.com

s/*James H. Feldman, Jr.*
JAMES H. FELDMAN, JR. (PA Bar # 36345)
PETER GOLDBERGER (PA Bar #22364)
LAW OFFICE OF PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA  19003

  (610) 649-8200
  (610) 649-8362 (facsimile)
   AELaw2@aol.com

Attorneys for the Petitioner

- 3 -