UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUSTÍN AGUAYO, | : |
| Petitioner, | : |
| v. | :  No. 05-1580 (EGS) |
| DR. FRANCIS J. HARVEY,<br>Secretary of the Army, | : |
| Respondent. | : |

MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION
FOR A PRELIMINARY INJUNCTION

The petitioner, Agustín Aguayo, has petitioned this Court for a writ of habeas corpus ordering the Army to discharge him as a conscientious objector.  Mr. Aguayo has now moved this Court pursuant to 28 U.S.C. § 1651, *id.* § 2243, and Fed.R.Civ.P. 65(a) and 81(a)(2)[1] to enjoin the respondent (the "Army") and all persons acting under his authority pending this Court's final determination on the merits of Mr. Aguayo's petition for writ of habeas corpus from deploying the Petitioner to a war zone.

Mr. Aguayo is entitled to a preliminary injunction, because, unless this Court enjoins the Army as requested, the petitioner will suffer irreparable harm.  Were this Court to enjoin the Army as requested by Mr. Aguayo, not only would the Army suffer no substantial harm, but the public interest

---

[1] The Federal Rules of Civil Procedure are not fully applicable, *per se*, to habeas proceedings. See *Mayle v. Felix,* 545 U.S. –, 125 S.Ct. 2562, 2569 (2005).  Whether or not Rule 65 technically applies to habeas cases, the Court may look to the Rules to fashion appropriate remedies "in aid of its jurisdiction."  28 U.S.C. § 1651.  See *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 267-71 (1978) (Rule 59); *Harris v. Nelson*, 394 U.S. 286 (1969) (discovery).  Section 2243 directs the Court to proceed "summarily" and to "dispose of the matter" in its equitable discretion "as law and justice require."

would be served.  Finally, Mr. Aguayo is likely to succeed on the merits of his petition for writ of habeas corpus.  See *Chaplaincy of Full Gospel Churches v. England,* 2006 WL 1867203 *4 (D.C. Cir. July 7, 2006) (setting forth criteria for granting preliminary injunction).  See also *Earls v. Resor,* 327 F.Supp. 354 (SDNY 1970) (granting preliminary injunction in military conscientious objector case); *Gordon v. Resor,* 323 F.Supp. 268 (SDNY 1970)  (same); *Koster v. Sharp,* 303 F.Supp. 837, 841 (E.D.Pa. 1969) (granting writ in military CO case, while noting prior granting of TRO and preliminary injunction).

  Mr. Aguayo has been ordered to deploy to Iraq on August 28, 2006.  Declaration of Agustín Aguayo ¶ 2, attached as an exhibit to this memorandum.  Although the Army has agreed to assign Mr. Aguayo to non-combat duties, he will nevertheless suffer irreparable harm if he is required to deploy to a war zone.  As Mr. Aguayo explains in the attached declaration, he knows from his previous deployment as a non-combatant to Iraq that he will be required to help other people do the very thing his most deeply-held religious beliefs prevent him from doing – kill other people.  He will thus suffer irreparable harm unless this Court enjoins the Army.  *Earls v. Resor*, 327 F.Supp. at  363 (conscientious objector suffers irreparable harm from coerced military service).  See also *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (requirement to perform military service would cause irreparable harm were involuntary induction ultimately found improper); *Kudley v. Hollo*, 431 F.Supp. 470, 472 (N.D. Ohio 1976) (irreparable harm found and temporary restraining order issued where Air Force failed to follow its own regulations in

issuing order to involuntary active duty).  In addition, if Mr. Aguayo refuses, in violation of military law, to deploy, he would face court-martial and a potential jail sentence.  That too, would cause him irreparable harm.  See *Barker v. Hershey,* 309 F.Supp. 277, 280 (W.D.Wis. 1969) (conscientious objector would suffer irreparable harm if "required to expose himself to criminal prosecution for failure to report" for induction).

There are several reasons why the Army will suffer at most negligible harm if it is enjoined as requested by Mr. Aguayo.  First, Mr. Aguayo is but one low-ranking enlisted member of one of the world's largest, most well-equipped Armies.  It is beyond belief that the Army would suffer any more than negligible harm if it is enjoined from deploying Mr. Aguayo.  Any harm the Army would suffer would be comparable to what it would experience if Mr. Aguayo were unexpectedly injured in an accident and thus unable to deploy.  This sort of possibility is necessarily something that military planners have already allowed for.  Second, because Mr. Aguayo would if necessary face a court-martial and imprisonment than contribute to the killing of any human being, the Army will not only receive no benefit from deploying Mr. Aguayo, it will be forced to unnecessarily expend valuable resources to transport, assign, deal with the noncooperation of, and even possibly to prosecute and imprison Mr. Aguayo.  Finally, the Army has no lawful right to Mr. Aguayo's services at all, since there is neither a valid reason nor a factual basis in the record to support its denial of his application for discharge as a conscientious objector.

Because issuing the preliminary injunction requested by Mr. Aguayo will allow him to follow his most deeply held beliefs without threat of being court-martialed, it will serve the public interest by "recogniz[ing] the historic respect in this Nation for valid conscientious objection to military service." *Parisi v. Davidson*, 405 U.S. 34, 46 (1972).

Finally, there is a high probability that Mr. Aguayo will succeed on the merits of his claim. For the reasons discussed at length in the petitioner's previously-filed traverse and rebuttal to the respondent's reply, he has exhausted his administrative remedies, and the Army's denial of his application for discharge as a conscientious objector is neither explained by any valid reason nor supported by a basis in fact.

## CONCLUSION

For these reasons, this Court should, after a hearing on the petitioner's motion for a preliminary injunction, enjoin the respondents during the pendency of this case from deploying the Petitioner to Iraq, Kuwait, Afghanistan, or any other place where he would be required to provide support for or otherwise participate in combat operations

Respectfully submitted,

Dated:  August 11, 2006

LOCAL COUNSEL:

s/ *James R. Klimaski*
JAMES R. KLIMASKI
(DC Bar No. 243543)
KLIMASKI & ASSOCIATES, P.C.
1819 L Street, NW, 7th Floor
Washington, DC  20036-3830

   (202) 296-5600
   (202) 296-5601 (facsimile)
   Klimaski@Klimaskilaw.com

s/*James H. Feldman, Jr.*
JAMES H. FELDMAN, JR. (PA Bar #36345)
PETER GOLDBERGER (PA Bar #22364)
LAW OFFICE OF PETER GOLDBERGER
50 Rittenhouse Place
Ardmore, PA  19003

  (610) 649-8200
  (610) 649-8362 (facsimile)
   AELaw2@aol.com

Attorneys for the Petitioner