UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUSTIN AGUAYO, | ) |
|       Petitioner, | ) |
|       v. | ) CA No. 05-1580 (RCL) |
| DR. FRANCIS J. HARVEY, SECRETARY OF THE ARMY | ) |
|       Respondent. | ) |

**OPPOSITION TO PETITIONER'S MOTION FOR
A PRELIMINARY INJUNCTION**

Respondent, through the undersigned counsel, respectfully opposes Petitioner's Motion for a Preliminary Injunction on the grounds that petitioner has failed to make a showing sufficient to justify the extraordinary relief he seeks which would unjustifiably interfere with and disrupt the Army's personnel management decisions.

**STATEMENT OF FACTS**

Respondent respectfully refers the Court to its recitation of the facts in this matter contained in its Response to Petitioner's Petition for a Writ of Habeas Corpus. Docket Entry 14.

**ARGUMENT**

**I.   Petitioner Has A Heavy Burden to Obtain Injunctive Relief**

As this Court recently noted "A preliminary injunction is an "extraordinary" remedy. Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 279 (D.D.C. 2005) quoting Mazurek v. Armstrong, 520 U.S. 968, 972, 138 L. Ed. 2d 162, 117 S. Ct. 1865 (1997). The plaintiff must, by a clear showing, carry the burden of persuasion. Id. In a motion for preliminary injunction, the plaintiff

must demonstrate: 1) a substantial likelihood of success on the merits, 2) that the plaintiff would suffer irreparable injury if an injunction is not granted, 3) that an injunction would not substantially injure another interested party, and 4) that an injunction would favor the public interest. Id. The court will then "balance the strengths of the [plaintiff's] arguments in each of the four required areas" to determine whether to issue an injunction. Id., (quoting City Fed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995)).

When government personnel issues are involved, the standard for showing irreparable harm is even greater. In Sampson v. Murray, 415 U.S. 61 (1974), the United States Supreme Court held that "Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs' [therefore plaintiff must] make a showing or irreparable injury sufficient in kind and degree to override these factors cutting against the general availability of preliminary injunctions in Government personnel cases." Id. at 949-950.

## II.    Likelihood of Success on the Merits

Because SPC Aguayo is challenging an internal military personnel decision, the narrow standard of review governing this type of habeas petition only requires the Army to show that its decision had some basis in fact. United States ex rel. Barr v. Resor, 443 F.2d 707, 708 (D.C. Cir. 1971) (Whether or not there was a "basis in fact" for the administrative decision is the accepted standard of review in cases challenging the denial of conscientious objector status, citing Bortree v. Resor, 144  445 F.2d 776 (1971)). As demonstrated in Respondent's Opposition to Petitioner's Petition for a Writ of Habeas Corpus (Dkt entry 14) and Reply to Petitioner's Traverse (Dkt entry 17), the Department of the Army Conscientious Objector Review Board decision was not arbitrary and had more than a sufficient basis in the facts of record.

**II.     The Army would suffer Substantial Harm**

Issuance of an injunction in this case will substantially harm the Army. The intrusion of an injunction "would be a disruptive force as to affairs peculiarly within the jurisdiction of the military authorities." Orloff v. Willoughby, 345 U.S. 83, 94-95 (1953); Kries v. Secy of the Air Force, 866 F.2d 1508, 1513-14 (D.C. Cir., 1989); Dilley v. Alexander, 603 F.2d 914, 920 (D.C. Cir., 1979); Guerra v. Scruggs, 942 F.2d 270, 275 (4th Cir., 1991). These and other cases establish that an injunction that interferes with the proper functioning of our military forces has the potential for substantially harming the Army and cannot be said to be in the public interest.

Contrary to Specialist Aguayo's assertions, enjoining his pending deployment will cause significant harm to the Army. In evaluating the harm to the Army, the Court must not focus narrowly on this single case. Rather, the court must consider the precedential effect that improperly granting the injunction would have on the military as a whole. Qualls v. Rumsfeld, supra at 286-287 (D.D.C., 2005). As the Court in Qualls stated:

> Even if the harm is minimal as regards one soldier, more than one soldier is likely to be affected should a preliminary injunction issue. An injunction ordering Qualls' discharge on the evidence presented - on his standard Try One enlistment contract and his involuntary extension - would open the door to similarly situated Try One enlistees seeking identical relief. In evaluating the harm to the Army, the court must consider the aggregate harm of all these possible claims, "looking at the total effect of such cases." In the aggregate, the harm to the Army, though "somewhat removed and abstract," is nonetheless real in that it "presents the possibility of substantial disruption and diversion of military resources."

Id. (Internal citations omitted).

Any determination that the harm to the Army is minimal in a case challenging the deployment of a soldier with a pending conscientious objector case could establish a disruptive precedent. See Id. at 286; Parrish v. Brownlee, 335 F. Supp. 2d 661, 669 (D.N.C., 2004). As the

3

court noted in Irby v. United States:

> Without looking at the total effect of such cases, courts might consistently find that the harm tipped decidedly in favor of the plaintiffs. As a result, there would be few occasions when a preliminary injunction would not issue. Any plaintiff could allege the weakest claims and temporarily forestall an order to active duty or other disagreeable military decision.

Irby v. United States, 245 F. Supp. 2d 792, 798 (E.D. Va., 2003). An injunction in this case could open the floodgates for litigation by soldiers seeking to stay their deployment while a federal court reviews the military's decision concerning their application for conscientious objection. Army Regulation 600-43 ¶ 2-10 establishes a clear rule that a soldier with a pending conscientious objector application will deploy with his or her unit.[1]

### III.   An Injunction Will not Favor the Public Interest

An injunction preventing Specialist Aguayo's deployment is not in the public interest. This case is more than an administrative matter, it strikes at the heart of military readiness. Courts have recognized that "the public has an interest, particularly in light of current events, in seeing that the Army's discretionary decision making with respect to personnel decisions is effectuated with minimal judicial interference." Qualls 357 F. Supp. 2d at 287 (quoting Parrish, 335 F. Supp. 2d at 675). The injunctive relief sought here furthers no public interest and would unduly interfere with the public's recognized interest in efficient administration of military personnel matters. See Antonuk v. United States, 445 F.2d 592, 594 (6th Cir., 1971) ("The governmental interest in raising an army has, without exception, been considered by the courts to be paramount. Thus the ordinary [injunction] balancing tests are rendered almost irrelevant by

---

[1] If injunctions were routinely issued under these circumstances, a soldier deploying to a war zone would have a strong incentive to seek an injunction in the hopes that, even if he or she loses in the long run, hostilities may end during the pendency of litigation.

the transcendent importance of the war power.") The Army has thoroughly considered Specialist Aguayo's application and properly concluded that the humanitarian ideals expressed by Specialist Aguayo do not amount to a claim of conscientious objection. The public interest is not served by delaying Specialist Aguayo's deployment to Iraq. Specialist Aguayo's request for injunctive relief should be denied.

  Petitioner argues that no harm will come from the issuance of an injunction in the case of a single soldier. With the nation at war every soldier is critical. Moreover, as the Courts have recognized in Parrish and Qualls, the Court's order would have far-reaching effects on the military's ability to equip its forces to defend this nation. Given these weighty considerations, Specialist Aguayo cannot demonstrate that an injunction will not disserve the public interest, therefore injunctive relief should be denied.

  While this Court has recognized that service in a Combat Zone, such as Iraq, meets the irreparable harm standard for a preliminary injunction, this alone is insufficient to warrant an injunction. As the D.C. Circuit Court recently reiterated:

> a finding of irreparable injury is but one of four elements that comprise the preliminary injunction framework. The mere allegation that the government is violating the Establishment Clause may suffice to satisfy the irreparable harm prong, but a preliminary injunction will not issue unless the moving party also shows, on the same facts, a substantial likelihood of success on the merits, that the injunction would not substantially injure other interested parties, and that the public interest would be furthered by the injunction.

Chaplaincy of Full Gospel Churches v. England, 2006 U.S. App. LEXIS 16952 (D.C. Cir. 2006). Establishing irreparable harm is not by itself sufficient to justify issuance of a preliminary injunction. The substantial harm to the Army and the strong public interest in the efficient administration of the Armed Forces during wartime, strongly militate against the issuance of a

5

preliminary injunction.

## CONCLUSION

As demonstrated in the briefings before this Court, Specialist Aguayo cannot demonstrate a substantial likelihood of success on the merits, and has failed to demonstrate irreparable harm sufficient to outweigh the palpable damage that an injunction would cause to the Army and the public at large. The requested preliminary injunction should, therefore, be denied.

Respectfully Submitted,

_____/s_____
KENNETH L. WAINSTEIN., D.C. Bar #451058
United States Attorney

_____/s_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 353-9895

OF COUNSEL:
LIEUTENANT COLONEL JOSEPH C. FETTERMAN
MAJOR CHRISTOPHER P. SOUCIE
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
703-696-1626