UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AGUSTíN AGUAYO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **No. 05-CV-1580 (RCL)** |
| | : | |
| DR. FRANCIS J. HARVEY, | | |
| Secretary of the Army, | : | |
| | | |
| Respondent. | : | |

PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER,
_WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES_

The instant case involves a petition for a writ of habeas corpus under 28 U.S.C. § 2241 asking that the Court reject the Army's denial of petitioner his Agustín Aguayo's application for honorable discharge as a conscientious objector. The petition has been fully briefed on the merits and is awaiting decision. By motion filed August 11, 2006, Petitioner requested that this Court issue a preliminary injunction barring the Army during the pendency of this case from deploying him to Iraq, Kuwait, Afghanistan, or any other place where he would be required to provide support for combat operations. The respondent answered in opposition to the request on August 21. Because petitioner's deployment is scheduled, so far as he has been informed, for Monday, August 28, 2006, he now files this application under Fed.R.Civ.P. 65(b) for a temporary restraining order to be entered until such time as this Court can rule on the pending injunction request, or on the underlying habeas corpus petition itself. See also 28 U.S.C. §§ 1651, 2243, and 81(a)(2).

In support of this application, Petitioner relies upon and incorporates by reference herein his pending motion for preliminary injunction (Docket # 22), the memorandum of law submitted in support of that motion, and the Declaration of petitioner in support of that motion. In further support of his application, petitioner states:

1. Respondent refers to Mr. Aguayo's beliefs as mere "humanitarian ideals" that "do not amount to a claim of conscientious objection." Opp. to Prelim. Inj. at 5. This is a new

contention in this litigation, not expressed by the Conscientious Objector Review Board, and contrary to the expert opinion of the Army Chaplain who interviewed Mr. Aguayo and acknowledged the sincerity of his religious beliefs.  The Court should give no weight to the contrary assessment by respondent's counsel.  Mr. Aguayo's claim for discharge is religious in nature, as defined in the Conscientious Objector regulation and applicable case law, and should be assessed as such by the Court.

2. This case is readily distinguishable from Qualls v. Rumsfeld, 357 F.Supp.2d 274 (D.D.C. 2005), on which respondent relies.

a. First, there are no deficiencies in the record; petitioner has provided a full declaration under penalty of perjury on which to predicate his claims.  Compare 357 F.Supp.2d at 280-82, 285.

b. Second, his claim on the merits is strong, both factually and legally, as shown in the briefs already filed.  Compare 357 F.Supp.2d at 280-86.

c. Mr. Aguayo, like the Qualls petitioners, faces irreparable harm, although it should be noted that he has not relied on the risk of physical danger in making that claim.  Compare 357 F.Supp.2d at 286.  He relies instead on the risk to him of irreparable harm either from being forced to perform military duties which violate his most deeply held beliefs, or from being court-martialed and facing imprisonment for disobeying orders which require him to violate those beliefs.

d. The burden to show countervailing harm to the military from granting injunctive relief should properly be placed upon the respondent.  In this case, unlike Qualls, respondent has chosen not to support his opposition with any affidavit claiming that any harm would come to Mr. Aguayo's unit or to the Army generally if he were to remain in Germany when his unit deploys to Iraq.  Compare 357 F.Supp.2d at 286.  Instead, respondent offers only legal argument and citations.  Resp. Opp. Prelim. Inj., at 3-4.  Respondent has not disputed Mr. Aguayo's showing that he cannot and will not handle a weapon, for example.

Moreover, in this case, because the petitioner's claim in religious in nature, federal statutory law specifically demands that the respondent bear the burden of supporting with evidence its claim of inability to accommodate him or provide an exemption. Under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. ("RFRA"), the government had a burden to "demonstrate" by "going forward with the evidence" and meeting a burden of persuasion that its refusal to exempt Mr. Aguayo from deployment during the pendency of this litigation, at least, is "the least restrictive means" (which is not to say necessarily the most effective or efficient means) "of furthering" its compelling objective of protecting the national defense. Id. § 2000bb-2(3). The Supreme Court's recent decision in Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. --, 126 S.Ct. 1211 (2006), requires strict enforcement of RFRA in this case according to its terms.

Under RFRA, the federal government (including not only the Department of Defense and the Army but also the courts, id. § 2000bb-2(1) (definitions)) must not burden a person's exercise of religion unless the particular demand imposed on the religious objector constitutes "the least restrictive means of furthering that compelling governmental interest." Id. § 2000bb-1(b)(2). There is no question that RFRA applies to the military. See id. § 2000bb-3(a) ("This Act applies to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after the enactment of this Act [enacted Nov. 16, 1993].").

O Centro Espirita is the first Supreme Court case applying RFRA. Chief Justice Roberts' majority opinion strongly upholds the Act's express command that government accommodate individual religious objections to federal laws of general applicability. The Court rejected the argument that a system of "uniform enforcement" without individualized religious exceptions was the "least restrictive means" to carry out certain important government programs, and suggested that this could rarely be the case. 126 S.Ct. at 1223-24. Most important, the Court ruled that to prevail on that approach, which essentially contradicts the premise of RFRA itself, the government must prove it cannot permit the particular individu-

al's requested exception without intolerable harm to the general enforcement interest. A "categorical answer" will not do. Id. 1221. "RFRA makes clear that it is the obligation of the courts to consider whether exceptions are required under the test set forth by Congress." Id. 1222.

RFRA, by its terms, demands that such individual exemptions be rejected only if the government program could not function if it allowed them. But the military makes exceptions for sincere conscientious objectors, and in Mr. Aguayo's case has for months been excusing him from weapons-related or combat-related duties. Unlike the situation in Qualls, petitioner Aguayo is not challenging a broad-based program on grounds applicable to numerous others similarly situated. Compare 357 F.Supp.2d at 286-87. There are very few conscientious objector applicants (and always have been, even at the height of unpopular wars). Any harm to the military from enjoining his deployment therefore does not weigh significantly against petitioner on the TRO application, particularly since he will still be required, pending final resolution of the case, to remain a member of the military and perform useful duties.

e. As the Circuit has recently reiterated, "To determine whether injunctive relief is appropriate, we must balance the equities and hardships on both sides, ... and must pay particular regard to whether such relief would further the public interest ...." Cobell v. Kempthorne, 455 F.3d 301, 315 (D.C.Cir. 2006). Here, the balance favors the petitioner, as does the public interest factor. Congressional enactment of RFRA supports petitioner on the public interest factor as well.

WHEREFORE, Petitioner prays that this Court issue immediately a temporary restraining order against the Respondent during the pendency of this case from deploying the

-5-

Petitioner to Iraq, Kuwait, Afghanistan, or any other place where he would be required to provide support for combat operations.

                                              Respectfully submitted,

Dated: August 24, 2006                  *s/James H. Feldman, Jr.*
                                          JAMES H. FELDMAN, JR. (PA # 36345)
LOCAL COUNSEL:                 PETER GOLDBERGER (PA Bar #22364)
*s/ James R. Klimaski*                  50 Rittenhouse Place
JAMES R. KLIMASKI                Ardmore, PA  19003
(DC Bar No. 243543)
KLIMASKI & ASSOCIATES, P.C.    (610) 649-8200
1819 L Street, NW, 7th Floor       (610) 649-8362 (facsimile)
Washington, DC  20036-3830       AELaw2@aol.com

 (202) 296-5600
 (202) 296-5601 (facsimile)
 Klimaski@Klimaskilaw.com

                                          <u>Attorneys for the Petitioner</u>